## Construction of Drug and Alcoholic Addiction Diagnostic and Treatment Centers

PACKEL, Attorney General, May 7, 1974.—You have asked us whether or not the General State Authority can construct facilities to be owned by the Commonwealth and used for drug and alcohol treatment centers under existing law?

Article VIII, sec. 7, of the Pennsylvania Constitution provides, in part:

"(4) Debt may be incurred without the approval of the electors for capital projects specifically itemized in a capital budget . . .

"(c) As used in this section, debt shall mean the issued and outstanding obligations of the Commonwealth."

Pursuant to the foregoing authority, the legislature passed Act No. 256 of November 27, 1970, P. L. 773, providing for, inter alia, the incurring of debt (in the form of general obligation bonds of the Commonwealth) for the financing of a resident treatment addiction center at St. Luke's Hospital and for a diagnostic and rehabilitation center, both to be located in Philadelphia.

Section 4 of the General State Authority Act of March 31, 1949, P. L. 372, as amended, 71 PS § 1707.4, provides:

"The Authority is created for the purpose of constructing, improving, equipping, furnishing, maintaining, acquiring and operating . . . Resident Treatment and Research Centers for Victims of Addictive Diseases operating under the jurisdiction and control of the Department of Public Welfare.[1]

In addition, the General State Authority is specifically authorized "to lease as lessor to the Commonwealth of Pennsylvania . . . or any agency, department, or public body of the Commonwealth . . . any project at any time constructed by the Authority": 71 PS § 1707.4(d). Consequently, G.S.A. is authorized to erect the two facilities in question and then lease them to the Governor's Council on Drug and Alcohol Abuse through the Department of Property and Supplies.[2]

If the Governor's council is not to operate directly the two programs, it may enter into a service purchase contract with St. Luke's Hospital, or any other qualified agency, to supply the necessary personnel and services: Pennsylvania Drug and Alcohol Abuse Con-

---

[1] Reorganization Plan Number 2 of 1973 transferred the functions, powers and duties of the Department of Public Welfare with regard to the supervision and licensing of special and general hospitals to the Department of Health. Subsequently, the "prevention, treatment, rehabilitation, research, education and training aspects of drug and alcohol abuse and dependence problems" were transferred from both the Departments of Health and Public Welfare to the Governor's Council on Drug and Alcohol Abuse. (Reorganization Plan Number 4 of 1973.)

[2] The Department of Property and Supplies acts as lessee for all agencies and departments of the Commonwealth as provided for in The Administrative Code of April 9, 1929, sec. 2402(d), 71 PS § 632.

trol Act of April 4, 1972, P. L. 156 (No. 63), 71 PS §1690.101, et seq.

Accordingly, you are formally advised that it is lawful for the General State Authority to construct the facilities in question, in turn to lease the facilities to the Commonwealth through the Department of Property and Supplies and to have the Commonwealth utilize, or contract for the utilization of, the facilities as drug treatment and diagnostic centers.

In accordance with section 512 of The Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §192, we have referred this matter to the offices of the Auditor General and State Treasurer for their views and have duly noticed their comments.